WATKINS, Judge.
Following an intersectional two car collision the plaintiff, Noah A. Melancon, filed suit against the defendant, John Harrell, to recover $1,481.35 in property damage to his automobile. Both the plaintiff and the defendant claim the right of way by virtue of a green traffic light. Other than the parties to this lawsuit, there were no eyewitnesses to the actual collision. One witness who testified had been present at the scene of the accident, but did not witness the collision. After a trial on the merits, the trial court rendered judgment in favor of the plaintiff in the amount of $1,443.35. The defendant has appealed. We affirm.
The collision occurred on February 23, 1978, at the intersection of Van Avenue and Grand Calliou Road in the City of Houma. Noah A. Melancon was proceeding west on Van Avenue, attempting to turn left onto Grand Calliou Road, and John Harrell had just pulled out of a gas station and was driving north on Grand Calliou Road. Mr. Melancon testified that he stopped at a red light on Van Avenue to make a left turn *64 onto Grand Calliou. After the traffic light had changed to green, Mr. Melancon proceeded into the intersection. The automobiles driven by Mr. Melancon and Mr. Harrell collided at the point where the eastbound lane of Van Avenue intersects with the center lane of Grand Calliou Road.
Mr. Harrell testified that he had just pulled out of a gas station onto Grand Cal-liou Road and was 30-40 feet away from the traffic signal when the light turned green. Mr. Harrell continued travelling on Grand Calliou into the intersection until the accident occurred.
Therefore, two parties are claiming to have entered the intersection on a favorable light, both at the same time. The signal light was functioning properly, so obviously both versions of the accident cannot be correct. One must have entered on a green light, and the other must have entered in disobedience of a red light.
The trial judge found as a matter of fact that Mr. Melancon had the right of way and that Mr. Harrell proceeded into the intersection in violation of the traffic light. Judgment was therefore rendered in favor of Mr. Melancon in the amount of $1,443.35. The defendant appeals, asserting that the trial court erred in finding the plaintiff carried his burden of proof, in finding the plaintiff was not contributorily negligent, and in assessing the damages awarded to the plaintiff.
The function of the trial court is to resolve disputes, even if the resolution is difficult. In a case where both litigants present evidence on the same point, the decision on that point must favor one or the other, unless the evidence is exactly equal. United Services Automobile Association v. Travelers Insurance Company, 255 So.2d 418 (La.App. 4th Cir.1971).
Both parties claim to have had the right of way by virtue of the green light. This case, therefore, presents a purely factual question. The reviewing court must give great weight to the factual conclusions of the trial judge, especially where the credibility of witnesses is involved. When there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed in the absence of manifest error. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). There is sufficient evidence in the record to support the findings of the trial court. In addition to the testimony of the two parties to the lawsuit, the plaintiff called two witnesses to testify on his behalf, Jack Smith who investigated the accident, and Mr. Clovis Babin who was at the scene of the accident.
Officer Smith testified that after taking the statements of the two drivers and the witness, and after observing the scene of the accident he prepared an accident report. Although Officer Smith did not issue any tickets, on his report he indicated a violation to the “number 2” car, which was Mr. Harrell’s car. The violation read “disregard to (sic) traffic control”.
There was one witness at the scene of the accident who did not actually see the two cars collide, Mr. Clovis Babin, who was in a white van in the oncoming lane of traffic, facing in the direction of Mr. Melancon. Mr. Babin was stopped for the same traffic signal as Mr. Melancon. Mr. Babin gave very limited testimony, but he did corroborate the fact that Mr. Melancon was stopped at the intersection while the traffic light was red. Although this does not prove conclusively that Mr. Melancon waited for the green light, it does establish that more likely than not, since Mr. Melancon had come to a full stop at the traffic signal, he did not then proceed to disobey the red light. Therefore, we conclude that the trial judge had a reasonable basis for his finding of liability on the part of the defendant, and this finding should not be disturbed on appeal.
The defendant has also raised the contention that the trial court awarded excessive damages to the plaintiff. The plaintiff, however, has introduced sufficient evidence to prove that the cost of repairing the damage done to the plaintiff’s car was not disproportionate to the award made by the *65 trial judge. Awards for damages lie within the “much discretion” of the trier of fact and are not to be disturbed on appeal unless there is a manifest abuse of discretion. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). We find the trial judge was within the scope of discretion accorded by law.
For the foregoing reasons, the judgment of the trial court is hereby affirmed, Defendant to pay all costs.
AFFIRMED.